### In re KUEBLER'S ESTATE (No. 2).

#### No. 13352.

County Judge's Court, Palm Beach County.

July 13, 1959.

E. M. Baynes, Phillips & Hathaway, West Palm Beach, for the executor.

Wardlaw, Stewart & Van der Hulse, West Palm Beach, for claimant.

RICHARD P. ROBBINS, County Judge.

*Amended final order on petition of Clyde Kuebler:* It coming to the attention of this court that its order herein of June 2, 1959, styled final order on petition of Clyde Kuebler, inadvertently failed to provide, as intended by this court, for a transfer under rule 1.39 (b), Florida Rules of Civil Procedure, of the issue herein between Clyde Kuebler, claimant, and Rudolph Kuebler, executor, in respect to the ownership of certain corporate stock, etc., for determination by the circuit court of Palm Beach County, as contemplated in said rule 1.39 (b) ; and

It further coming to the attention of this court that, through inadvertence, a copy of this court's final order of June 2, 1959 was not furnished to Messrs. Wardlaw, Stewart & Van der Hulse, attorneys for Clyde Kuebler, claimant, and that they had no notice or knowledge thereof prior to July 8, 1959.

Therefore, to cause the court's final order of June 2, 1959 to conform to and to express the original intent of this court in respect thereto, it is the purpose of the court hereby and of its own motion and nunc pro tunc to amend the aforesaid final order of June 2, 1959 in toto to express the original intent of this court as aforesaid.

It is ordered, adjudged and decreed that the order of this court of June 2, 1959, styled final order on petition of Clyde Kuebler, be and the same is hereby amended nunc pro tunc to be and to provide as follows—

This cause came on to be heard after notice and argument of counsel upon the executor's motion to dismiss and motion to strike, filed herein about September 23, 1958, and pertaining to the proof of claim and petition of Clyde Kuebler filed in these estate proceedings.

Petitioner, by his proof of claim and petition, seeks an order of this court requiring that there be turned over to him personal property, being corporation stock, a stock assignment form, and stock dividend monies allegedly wrongfully acquired from third persons by the executor after the death of the decedent.

The petitioner does not seek relief under the provisions of the will, nor of a statute, but instead under an extrinsic instrument and as a stranger to the estate.

It therefore appears that this court is without jurisdiction of the subject matter of the claim and to grant the relief sought under the provisions of section 7 (3) of article V, Florida constitution, 3 F. S. (1957) 3069. Such jurisdiction is exclusively vested in the circuit court under provisions of section 6 (3) of article V, Florida constitution, 3 F. S. (1957) 3068.

It is ordered, adjudged and decreed that all of the file herein pertaining to the claim of Clyde Kuebler and the issue of ownership of stock between Clyde Kuebler and the executor, including all pleadings, motions, orders, depositions in discovery or otherwise, briefs of counsel, etc., and this order be transferred and delivered to the circuit court in and for Palm Beach County, in equity for further proceedings without interruption as contemplated in rule 1.39, pending which proceedings and the final determination of the ownership of the stock in controversy the executor is ordered to hold said stock and/or the certificate evidencing the same intact, available and subject to further order of this court.

It is further ordered that a copy of this amended final order on petition of Clyde Kuebler be furnished to E. M. Baynes, Esq., and to Messrs. Phillips & Hathaway, as attorneys for the executor, Rudolph Kuebler, and to Messrs. Wardlaw, Stewart & Van der Hulse, as attorneys for Clyde Kuebler, claimant.